In re Carolyn ROBINSON, Debtor.

Carolyn ROBINSON, Plaintiff,

v.

DIRECTOR, OFFICE OF ADULT PRO-BATION; Austin J. McGuigan, Chief State's Attorney, Division of Criminal Justice of the Judicial Department; Commissioner, Department of Income Maintenance; Commissioner, Department of Administrative Services, Defendants.

Bankruptcy No. 5–81–00114.
Adv. No. 5–84–0063.

United States Bankruptcy Court,
D. Connecticut.

Sept. 4, 1984.

Francis X. Dineen, Joanne S. Faulkner, New Haven Legal Assistance Ass'n, Inc., New Haven, Conn., for plaintiff.

Edward F. Reynolds, Asst. Atty. Gen., State of Conn., Hartford, Conn., for defendants Commissioner, Dept. of Income Maintenance and Commissioner of Administrative Services, Bureau of Collection Services.

Carl Schuman, Asst. State's Atty., Wallingford, Conn., for defendants Austin J. McGuigan, Chief State's Atty., Div. of Crim. Justice, Judicial Dept. and Director, Office of Adult Probation.

## MEMORANDUM AND PROPOSED ORDER

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff-debtor, Carolyn Robinson, brought this action to determine, *inter alia,* the dischargeability of an order of restitution entered by the Superior Court of the State of Connecticut as a condition of probation in connection with the plaintiff's conviction for larceny in the second degree.

## BACKGROUND

On July 28, 1980, the plaintiff pleaded guilty to larceny in the second degree in violation of Connecticut General Statute § 53a–123.[1] The conviction arose out of the plaintiff's wrongful receipt of public assistance benefits in the amount of $9,932.95. On November 14, 1980, the Connecticut Superior Court sentenced the plaintiff to a prison term of not less than one year nor more than three years, execution of which was suspended and the plain-

1. *State of Connecticut v. Robinson,* Docket No. CR6–185844.

tiff was placed on probation for five years on the condition that she make restitution in the amount of $9,932.95 to the State of Connecticut at the rate of $100.00 per month, commencing January 16, 1981.[2]

On February 5, 1981, the plaintiff filed a Chapter 7 petition in this court and listed as unsecured creditors on Schedule A–3, the State of Connecticut Department of Income Maintenance on a claim of $6,000.00 for public assistance for the years 1973–1976 and the Office of Adult Probation on a claim of $9,932.95 for the November 14, 1980 restitution order. The plaintiff obtained a discharge by the May 14, 1981 order of this court.

On March 26, 1984, the plaintiff filed an amended complaint, which is the subject of this action, seeking in the First Count, a determination that the restitution obligation is a dischargeable debt which had been discharged on May 14, 1981. The Second Count alleges that the defendants' efforts to collect the restitution since her discharge on May 14, 1981, "are in violation of this Court's action discharging the debtor, and of 11 U.S.C. secs. 524 and 525." [3] The plaintiff alleges in the Third Count that the actual or threatened actions of the defendants "are depriving plaintiff of her civil rights, privileges, immunities under color of state law, in violation of 42 U.S.C. sec. 1983." [4]

The plaintiff seeks the following relief from this court:

1. an order declaring that the larceny debt,[5] for which she was convicted, and the "restitution debt", ordered by the state court, are dischargeable and have been discharged;

2. an order enjoining the defendants from taking any steps to obtain payment of the restitution or otherwise enforcing the criminal judgment;

3. an order assessing attorney's fees and costs against the Office of Adult Probation pursuant to this court's equitable powers and 42 U.S.C. § 1988 payable to New Haven Legal Assistance Association;

4. appropriate orders for contempt and violation of the plaintiff's civil rights, including compensatory damages, punitive damages, and attorney's fees; and

5. such other further relief as this court deems just and fair.[6]

### DISCUSSION AND ORDER

The facts in this proceeding, the issues raised, and the relief sought by the plaintiff are virtually identical to those in *In re Pellegrino*, 42 B.R. 129 (Bankr.D.Conn. 1984) (appeal pending). Accordingly, the following legal conclusions, reached in *Pellegrino*, are adopted to the facts here.

■ 1. The state court's order that the plaintiff make restitution to the State of Connecticut of $9,932.95 as a condition of probation following the plaintiff's larceny conviction did not create a "debt" as defined in Code § 101(11). Therefore the plaintiff's obligation to pay restitution was unaffected by this court's May 14, 1981 discharge order.[7]

■ Assuming *arguendo* that the state court's order of restitution did create a

**2.** It should be noted payment of $100.00 per month commencing on January 16, 1981, would reduce her restitution payment to $5,800.00 if all payments were made.

**3.** Amended Complaint ¶ 18.

**4.** Amended Complaint ¶ 19.

**5.** Since the defendants failed to file a complaint to determine the dischargeability of the larceny debt, that debt was discharged under Code § 523(c) prior to the commencement of this action. Therefore the plaintiff's claim for relief in the form of an order declaring the larceny debt discharged when it has already been dis-

charged by operation of law will not be considered in this decision. To the extent that the plaintiff's complaint may be read to include a claim for attorney's fees and other relief in connection with the larceny debt, those claims will likewise be excluded from consideration in this decision. There was no evidence that any of the defendants asserted a claim or attempted to collect the larceny debt at any time.

**6.** Amended Complaint p. 5.

**7.** *In re Pellegrino*, at 132–135.

"debt" within the purview of the Bankruptcy Code, such a debt is a "penalty" and therefore excepted from discharge under § 523(a)(7).[8]

## ORDER

For the foregoing reasons, the obligation created by the state court restitution order was not discharged by the May 14, 1980 discharge order of this court, the plaintiff is not entitled to the injunctive relief, damages, costs, attorney's fees and other relief claimed in her amended complaint and judgment may enter accordingly.

DALY, Chief Judge.

It is so ORDERED.

**8.** *In re Pellegrino, supra,* at 136–136.