In re Robert Anthony
THOMPSON, Debtor.

Robert Anthony THOMPSON, Plaintiff,

v.

Geraldine LEWIS and Jerry Estes,
District Attorney General,
Defendants.

Bankruptcy No. 1–86–01651.
Adv. No. 1–86–0233.

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 30, 1987.

M. Drew Robinson, Cleveland, Tenn., for the plaintiff.

B. Prince Miller, Jr., Cleveland, Tenn., for the defendant, Geraldine Lewis.

William Barry Wood, Asst. Atty. Gen., Nashville, Tenn., for defendant, Jerry Estes.

RALPH H. KELLEY, Bankruptcy Judge.

The debtor in this bankruptcy case was convicted of criminal trespass and negligent burning of a house and florist shop owned by the defendant, Mrs. Lewis. As a condition of his probation, the debtor was ordered to pay restitution in the amount of $5,000. The debtor brought this suit against the state and Mrs. Lewis to determine whether his bankruptcy relieved him of the duty to pay the restitution as a condition of his probation.

The court finds the facts as follows.

The debtor is a 23 year old man, who is large of stature, but may be considered to have a handicap, and has completed the twelfth grade in special education. He has claimed social security disability benefits because of a learning disability. He works part time for a tree service. He estimated that he has never made more than $1,200 in one year. He lives at home with his mother. He testified that he would work regularly if he could find a steady job.

The debtor testified that he started a fire in the house to get warm because the temperature was about zero. He thought he had stomped it out completely before he left. The empty house was used as a hangout, and when he left, there were two other boys there.

The debtor testified that the house had been damaged earlier by another fire and was never repaired. He also knew that Mrs. Lewis paid $5,000 for it, the amount of the restitution, because he had seen the deed. Exhibit 1 is a copy of the deed. Mrs. Lewis signed the affidavit of value for tax purposes in which she swore that $5,000 was the greater of the value of the property or the purchase price.

William J. Brown is the assistant district attorney who handled the criminal case against the debtor. He testified that the state seeks restitution in a broad spectrum of cases. In negotiations with the debtor's attorney, he agreed to reduce restitution to $5,000 because that was a reasonable amount for the debtor to be able to pay. The restitution payments were to be forwarded to Mrs. Lewis.

The debtor was not prosecuted for arson because there was no evidence of malicious intent.

### Discussion

The court is called upon to apply the U.S. Supreme Court's recent decision in *Kelly v. Robinson*, —— U.S. ——, 107 S.Ct. 353, 93 L.Ed.2d 216, 14 Bankr.Ct.Dec. 1383 (1986) rev'g *In re Robinson*, 776 F.2d 30, 13 Bankr.Ct.Dec. 1061, 13 Coll.Bankr.Cas.2d 933 (2d Cir.1985) rev'g 45 B.R. 423 (Bkrtcy. D.Conn.1984).

In that decision, the majority spent most of its discussion addressing the question of whether criminal restitution is a "debt" within the meaning of the Bankruptcy Code, but then said that it need not address the question because the debt, if it was one, was nondischargeable under Bankruptcy Code § 523(a)(7).

Section 523(a)(7) provides that a discharge under Bankruptcy Code § 727, 1141 and 1328(b) does not discharge a debt

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss....

11 U.S.C. § 523(a)(7).

The problem with restitution is deciding (1) whether it is payable to and for the benefit of a governmental unit and (2) whether it is not compensation for actual pecuniary loss.

Criminal restitution obviously compensates the victim for at least part of the actual pecuniary loss. The Supreme Court, however, focused on the victim's lack of control over both the criminal court's decision to order restitution and its decision on the amount of restitution. In these re-

**648**

spects, the Tennessee restitution statute is essentially like the Connecticut statute considered by the Supreme Court. The Tennessee statute does not allow the victim to require restitution Tenn.Code Ann. § 40–35–304(a) & (b). The amount of the restitution need not equal the victim's actual pecuniary loss. Tenn.Code Ann. § 40–35–304(b) & (d).

The remaining question was whether the restitution was payable to and for the benefit of the state. In the Supreme Court's case, the restitution payments were to be made to the state and forwarded to the victim. The court does not see how restitution as a criminal penalty can work without collection by the state, but the Tennessee statute seems to say that the payments can be made directly to the victim. In any event, the testimony in this case was that the payments were to be collected by the state and forwarded to the victim.

The Supreme Court also reasoned that restitution payments are for the benefit of the state in the enforcement of the criminal law, as a means of punishing and at the same time rehabilitating the criminal.

Neither the Tennessee statute nor the facts put this case beyond the scope of the Supreme Court's decision. The debtor's duty to make restitution was not discharged in his bankruptcy case. The court will enter an order accordingly.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.